**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

<table>
<tr><td>

**THURSTON LAW OFFICES LLC,**

    **Plaintiff,**

  **v.**

**JOHN D. RUE,**

    **Defendant.**

</td><td>

**Case No. 24–cv–11533–ESK–MJS**

**OPINION**

</td></tr>
</table>

**KIEL, U.S.D.J.**

    The parties take this opportunity to air their dirty laundry following years of in-fighting as co-counsel and an apparent agreement gone bad. There is no need here or elsewhere in the opinion to tally the barbs the parties hurl at one another. They are of little relevance. Rather, my attention turns to the elephant in the room: the nonparty limited liability company with whom plaintiff Thurston Law Offices LLC contracted and whose corporate veil it seeks to pierce. Because I conclude that the nonparty is necessary and indispensable to this case and I cannot tailor relief in its absence, defendant John D. Rue's motion to dismiss (ECF No. 23) will be granted.

## I.    BACKGROUND

### A.    <u>The Complaint</u>

Thurston Law Offices is a New Jersey limited liability company.    (ECF No. 11 (Am. Compl.) p. 2.)[1]    Rue is an individual domiciled in Florida.    (*Id.*)[2] Rue is also the principal of John Rue & Associates, LLC, a nonparty New Jersey law firm.    (*Id.*)

Thurston Law Offices entered into an of-counsel agreement with John Rue & Associates on April 23, 2021 whereby Thurston Law Offices was to manage several special education cases on behalf of John Rue & Associates.    (*Id.* p. 3.) From that date forward, Thurston Law Offices acted as lead counsel on several cases.    (*Id.* p. 4.)    The cases handled by Thurston Law Offices were primarily brough pursuant to the Individuals with Disabilities Education Act, which provides for reimbursement of attorney's fees and costs.    (*Id.* pp. 4, 5.)

In May 2023, a dispute arose between Rue and co-counsel in a class action over which the Court has since presided.    (*Id.* p. 5.)    The dispute was ultimately resolved by a settlement agreement and consent orders entered by

---

[1] "[T]he citizenship of an LLC is determined by the citizenship of each of its members."    *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).    In its diversity disclosure statement, Thurston Law Offices represents that it has a single member—Robert C. Thurston—who is a citizen of New Jersey.    (ECF No. 8.)

[2] Thurston Law Offices states in its opposition that Rue was served in Indialantic, Florida; Rue represents in his motion that he resides in Satellite Beach, Florida; and documents unrelated to this action indicate that he has changed the name of his firm and resides in Louisville, Kentucky.    (ECF No. 27 (Thurston Opp'n Br.) pp. 8–10.)    There is no dispute among the parties that diversity exists between them. Thurston Law Offices also questions whether Rue represents himself as an attorney or *pro se* and argues that a lawyer cannot act as an advocate at trial when they are likely to be a necessary witness, citing Rule of Professional Conduct 3.7    (*Id.* p. 7.)    Insofar as Rule of Professional Conduct 3.7 serves as a barrier to Rue's representation of himself, it is unclear how it would not also be applicable to Thurston Law Offices, which is represented by Thurston.    (*See id.* p. 7 n. 2.)    These challenges are better suited for a Federal Rule of Civil Procedure (Rule) 11 motion or motion to disqualify should this case continue in this Court, not in the opposition to dispositive motion practice.

District Judge Noel L. Hillman (Ret.) in which John Rue & Associates agreed to withdraw as class counsel. (*Id.* p. 7.) Six law firms, including Thurston Law Offices, proceeded as class counsel. (*Id.*) As part of the settlement, Rue and John Rue & Associates signed a general release of all claims arising between the parties. (*Id.* pp. 7, 8.) Thurston Law Offices alleges that Rue nevertheless terminated the of-counsel agreement on June 18, 2023 in retaliation for the class-action dispute. (*Id.* p. 8.) Thurston Law Offices was instructed to withdraw from all cases. (*Id.)*

Thurston Law Offices asserts a single count, intentional interference with prospective economic advantage. (*Id.* pp. 11–17.) Rue has failed to keep Thurston Law Offices apprised of the status of four cases, or groups of cases, for the alleged purpose of retaining Thurston Law Offices' share of fees. (*Id.* pp. 12, 16, 17.) In one case grouping, John Rue & Associates purportedly advised Thurston Law Offices that it would not seek an appeal to the New Jersey Supreme Court, only to do so where it prevailed on the basis of a legal theory developed by Thurston Law Offices. (*Id.* pp. 14, 15.) Rue opposed Thurston Law Offices' attempt to intervene in the case and has not kept it apprised of settlement discussions. (*Id.* pp. 15, 16.)

Thurston Law Offices further alleges that Rue and John Rue & Associates sold its accounts receivable to an undisclosed third party in a factoring agreement, including fees and costs related to the of-counsel agreement. (*Id.* pp. 8, 9.) The factoring agreement has encumbered fees and costs to which Thurston Law Offices is entitled. (*Id.* p. 9.) Rue has additionally made unfounded allegations against Thurston Law Offices and former co-counsel. (*Id.* pp. 9, 10.) Thurston Law Offices argues that these actions are irrational and support piercing of the corporate veil. (*Id.* pp. 10, 11.)

In addition to piercing the corporate veil and creating personal liability against Rue, Thurston Law Offices seeks relief including $319,996.60 in fees

and costs to which it is entitled, $1.5 million in punitive damages, and an injunction.   (*Id.* pp. 17, 18.)

### B.   Procedural History

Thurston Law Offices originally filed this action on December 31, 2024. (ECF No. 1.)   Rue sought an extension of time within which to answer.   (ECF No. 9.)   The operative amended complaint was filed on February 12, 2025. (Am. Compl.)   Thurston Law Offices requested default, which was entered. (ECF No. 12; Entry after ECF No. 14.)   Rue sought an extension that same day (ECF No. 13) and was denied (Entry after ECF No. 14).

Rue moved to set aside default and extend the time within which to answer.   (ECF No. 16.)   In a September 9, 2025 opinion and order, Magistrate Judge Matthew J. Skahill set aside the entry of default and ordered Rue to file an answer within 10 days.   (ECF No. 21.)[3]   The instant motion followed (ECF No. 23) to which Thurston Law Offices has filed an opposition (Thurston Opp'n Br.) and Rue replied (ECF No. 30).   I granted Thurston Law Offices' request to file a sur-reply.   (ECF No. 31; ECF No. 34; ECF No. 35 (Thurston Sur-Reply).)

## II.   STANDARD AND PARTY ARGUMENTS

Rue contends that dismissal is appropriate for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and

---

[3] Thurston Law Offices argues that Rue has improperly filed a motion to dismiss after representing that he was going to file an answer and being granted leave to do so.   (Thurston Opp'n Br. pp. 6, 7.)   It asks that I deny the improperly filed motion. (*Id.* p. 7.)   I decline this request.   Even accepting the notion that Judge Skahill did not contemplate Rue filing a motion to dismiss, Thurston Law Offices advocates for no more than an additional procedural step.   To the extent that the pending motion is premised on lack of subject matter jurisdiction, "federal courts have an independent obligation to assure themselves of their own jurisdiction."   *Wayne Land and Min. Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509, 522 n.9 (3d Cir. 2018).   And any challenges to Thurston Law Offices' failure to state a claim or join a party could be presented in a post-answer motion for judgment on the pleadings.   *See* Fed. R. Civ. P. 12(h)(2)(B).   As such, I elect to address the instant motion on the merits.

failure to join a party pursuant to Rule 19.  (ECF No. 37 (Rue Mot. Br.).)[4] Rue's arguments relating to lack of subject matter jurisdiction and failure to join a party are intertwined as he essentially argues that this Court would not have jurisdiction but for Thurston Law Offices' failure to join John Rue & Associates.  (*See id.* pp.11–21, 32–43.)  Indeed, "where the Rule 12(b)(7) motion implicates the Court's jurisdiction, the motion is essentially one for dismissal of the action under Rule 12(b)(1)."  *Tullett Prebon, PLC v. BGC Partners, Inc.*, Case No. 09–05365, 2010 WL 2545178, at \*6 (D.N.J. June 18, 2010).  Because I find that Rue's arguments are best understood as being premised on the failure to join John Rue & Associates, I begin there.  And for the reasons that follow, I conclude that the failure to join John Rue & Associates is dispositive and I need not consider the other asserted bases for dismissal.

### A.    Rule 19

The Third Circuit has identified a three-step inquiry in applying Rule 19. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 232 (3d Cir. 2023).  First, the court asks whether—considering Rules 19(a)(1)(A) and 19(a)(1)(B)—the absent party should be joined.  *Id.*  Rule 19(a) provides that a party who is subject to service and whose joinder would not deprive the court of subject matter jurisdiction must be joined if the court cannot accord complete relief in that party's absence. Fed. R. Civ. P. 19(a)(1)(A).  A party must also be joined if the party's interest in the subject of the action is such that disposal in their absence would impede the party's ability to protect their interest or leave an existing party at risk of incurring multiple or inconsistent obligations.  Fed. R. Civ. P. 19(a)(1)(B).

---

[4] In its sur-reply, Thurston Law Offices correctly noted that Rue failed to sign his moving and reply briefs.  (Thurston Sur-Reply.)   I directed Rue to file amended briefs with his signature.  (ECF No. 36.)   I refer here to the amended briefs.

For the second step, the court considers whether joinder can be effectuated without depriving the court of jurisdiction. *Epsilon Energy USA, Inc.*, 80 F.4th at 232. Finally, if joinder is not feasible, the court determines whether the case should continue in the party's absence or be dismissed. *Id.* Here, the court looks to Rule 19(b) to determine whether "equity and good conscience" support proceeding with the case or dismissal. *Id.* at 233–34 (quoting Fed. R. Civ. P. 19(b)). Courts consider the extent to which judgment might prejudice the absent or existing parties, the extent to which any prejudice may be mitigated or avoided, the adequacy of judgment rendered in the party's absence, and whether the plaintiff would have an adequate remedy if the case were dismissed. Fed. R. Civ. P. 19(b).

### B.   Party Arguments

Rue argues that inclusion of the proper defendant to this action—John Rue & Associates—would destroy diversity jurisdiction because it, like Thurston Law Offices, is a New Jersey citizen. (Rue Mot. Br. p.17.) Each relevant case was litigated and billed under John Rue & Associates and all fees were payable to it, meaning that any fees to which Thurston Law Offices may be entitled would be due from John Rue & Associates, not Rue. (*Id.* p.18.) Thurston Law Offices attempts to get around this deficiency by making a brief, inadequate argument in favor of piercing the corporate veil. (*Id.* pp.18, 19.)

Specific to Rule 19, Rue asserts that John Rue & Associates is a required party because any alleged entitlement to fees runs through it. (*Id.* pp.32, 33.) John Rue & Associates, not Rue, is the party capable of asserting contractual defenses, relief against Rue would impair John Rue & Associates' legal interests, and if Thurston Law Offices were to prevail it could result in inconsistent future judgments. (*Id.* pp.33–38.) John Rue & Associates is also an indispensable party, according to Rue, because proceeding in its absence would deprive it of the opportunity to assert contractual defenses, any judgment

would be inadequate because a judgment against Rue could not bind John Rue & Associates as a nonparty, and Thurston Law Offices has an adequate alternative remedy of proceeding in state court.   (*Id.* pp. 38–41.)

Thurston Law Offices maintains that it has properly invoked the Court's jurisdiction because it alleges a personal tort against Rue, who is a diverse party whether he is domiciled in Florida or Kentucky.   (Thurston Opp'n Br. pp. 12, 13.)   Rue's attempt to argue that John Rue & Associates is a the sole counter party ignores the theory of the case: that this is not a breach-of-contract claim in large part because Rue terminated the contract.   (*Id.* p. 20.)   Rather, the theory is that Rue has interfered with Thurston Law Offices' ability to seek reimbursements and Rue cannot shield himself from liability by hiding behind a corporate entity.   (*Id.* pp. 20, 21.)   John Rue & Associates is irrelevant to the action, according to Thurston Law Offices, because Rue has already been paid in one case and would have honored the of-counsel agreement by now if he intended to do so, Rue now works under the Rue Law Group name, and joining John Rue & Associates would deprive the Court of jurisdiction.   (*Id.* pp. 21, 22.)

## III.  DISCUSSION

### A.    John Rue & Associates is a Necessary Party

Rule 19(a) pertains to two distinct groups.  *See Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 F. App'x 135, 145 (3d Cir. 2010).   Rules 19(a)(1)(A) and 19(a)(1)(B)(ii) apply to existing parties, while Rule 19(a)(1)(B)(i) applies to absent parties.  *Id.* at 145–46.

I focus here on Rule 19(a)(1)(B)(i).   Rule 19(a)(1)(B)(i) provides that a party is necessary if they claim an interest in the subject of the action such that disposition in their absence may "as a practical matter impair or impede the person's ability to protect the interest."   Fed. R. Civ. P. 19(a)(1)(B)(i).   Rule 19(a)(1)(B)(i) refers to "a legally protected interest" rather than a mere financial

7

interest. *Gov't Emps. Ins. Co. v. Korn*, 310 F.R.D. 125, 132 (D.N.J. 2015) (quoting *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005)). That interest must also be directly and immediately impaired, not speculatively so. *Id.*

Thurston Law Offices attaches to its amended complaint a copy of the April 2021 of-counsel agreement, the December 2021 co-counsel agreement, and the July 2022 addendum. (ECF No. 11–1 (Thurston Exs.) pp. 5–16.)[5] The of-counsel agreement was signed by Rue "[o]n his own behalf and [o]n behalf of" John Rue & Associates. (*Id.* 8.) Fee sharing was delineated by firm. (*Id.* pp. 7, 8.) For instance, for hourly fees, "Supporting Counsel shall receive from Lead Counsel 50% of all fees actually collected associated with Supporting Counsel's work, payable on a quarterly basis." (*Id.* p. 7.) Either John Rue & Associates or Thurston Law Offices could have been Supporting or Lead Counsel per the of-counsel agreement. (*Id.* pp. 7, 8.)

The co-counsel agreement set forth a points system for compensation. (*Id.* pp. 9, 10.) Relevant categories were premised on whether John Rue & Associates believed the client's position to be legally correct, had accepted payment, or achieved prevailing-party status. (*Id.*) There was a signature line for "John Rue [o]n behalf of John Rue & Associates," but the copy provided is only signed by Thurston on behalf of Thurston Law Offices. (*Id.* p. 12.)

Finally, the addendum, also only signed by Thurston, noted that Thurston had submitted invoices that John Rue & Associates was unable to pay. (*Id.* pp. 15, 16.) The addendum provided that Thurston was to submit an invoice to John Rue & Associates by the fifth of each month and the share of fees

---

[5] Because Thurston Law Offices attaches the agreements to its amended complaint and its asserted right to payment is premised on them, I find that I may rely on the agreements here. *See Red Hawk Fire & Sec., LLC v. Siemens Indus. Inc.*, 449 F. Supp. 3d 449, 459 (D.N.J. 2020).

payable to Thurston would be dependent on John Rue & Associates' ability to pay by the twenty-fifth of the month.   (*Id.*)

John Rue & Associates was therefore a co-contracting party in the of-counsel agreement and *the* co-party relevant for the purposes of fee sharing. To the extent that the co-counsel agreement and addendum were executed, John Rue & Associates appears to have been the sole co-contracting party.   The amended complaint alleges that Rue has interfered with Thurston Law Offices' right to fees and costs pursuant to the of-counsel agreement (Am. Compl. p. 11) and expressly seeks damages in the form of fees and costs from cases subject to the of-counsel agreement (*id.* p. 17).   "[P]arties owning rights under disputed contracts … generally have a legally protected interest under Rule 19(a)(1)(B)(i)."   *Epsilon Energy USA, Inc.*, 80 F.4th at 233.

Thurston Law Offices would be quick to respond that I am seeking guidance in all the wrong places by looking to the contracts it has attached to the amended complaint and relied upon.   Rather, this case is brought as an intentional tort premised on Rue's individual acts and complete relief may be accorded in John Rue & Associates' absence.   (Thurston Opp'n Br. pp. 20, 21.) But if John Rue & Associates is unnecessary for disposition, it is a wonder why Thurston Law Offices believes it necessary "[t]hat the corporate veil of John Rue & Associates, LLC be pierced to create personal liability of John D. Rue individually."   (Am. Compl. p. 17.)[6]

---

[6] Though not expressly briefed by the parties, I note that "[t]he limited liability protection provided by an LLC may be abrogated under the doctrine of piercing the corporate veil …."   *Corp. Incentives, Inc. v. Unified Safe Guard, LLC*, Case No. 20–13471, 2021 WL 2043092, at *2 (D.N.J. May 21, 2021).   But the standard for piercing the corporate veil differs for limited liability companies as compared to corporations. *Mariner's Bank v. 4921 Bergenline Corp.*, Case No. A–0676–12T2, 2014 WL 243068, at *5 n. 2 (N.J. Super. Ct. App. Div. Jan. 23, 2014).   For instance, "[t]he failure of a limited liability company to observe any particular formalities relating to the exercise of its powers or management of its activities is not a ground for imposing liability on the members or managers for the debts, obligations, or other liabilities of the company."   N.J. Stat. Ann. § 42:2C–30(b).

While factually distinguishable, the decision in *Abella v. Seven Seven Corporate Group* is nonetheless instructive here. Case No. 13–05263, 2014 WL 220570, at *4–5 (D.N.J. Jan. 21, 2014). The plaintiff in *Abella* alleged that a "Corporate" entity exercised dominion over "Global" and "Software" entities. *Id.* at *1. Global was not named as a defendant in the amended complaint. *Id.* at *4. The court concluded that Global was necessary under Rule 19(a) because it was a contracting party and the plaintiff alleged breach of contract as well as fraud, negligent misrepresentation, and other claims relating to the relevant memorandum of understanding. *Id.* The plaintiff's argument that Global was the mere alter ego of Corporate or Software was rejected. *Id.* at *5. Rather, because wrongdoing was alleged against Global, Global was required to "if feasible, be given a seat at the table to defend itself both from the alter ego allegations and the substantive counts in the Complaint." *Id.*

Thurston Law Offices might again rebut the Court. After all, it is alleging wrongdoing against Rue, not John Rue & Associates. But this is belied by its effort to pierce the corporate veil.

"Before invoking an alter ego theory to pierce the corporate veil, evidence must first establish an independent basis to hold the corporation liable." *Sean Wood, L.L.C. v. Hegarty Grp., Inc.*, 29 A.3d 1066, 1077 (N.J. Super. Ct. App. Div. 2011). At least some of the allegations asserted by Thurston Law Offices implicate duties held by John Rue & Associates pursuant to the of-counsel agreement. For instance, insofar as Thurston Law Offices references ongoing settlement discussions for which it has not received updated information or payment (Am. Compl. pp. 12, 16), the of-counsel agreement provided that "Lead Counsel shall have sole and absolute discretion … to compromise collections (with either clients or adversaries) …." (Thurston Exs. p. 7.) Thurston Law Offices makes no effort to plead wrongdoing on the part of John Rue &

Associates.   Rather, it seeks to skip ahead to argument on why the corporate form should be disregarded.   (Am. Compl. pp. 8–11.)

Because Thurston Law Offices' effort to pierce the corporate veil implicates John Rue & Associates' interests both as to liability and maintenance of its corporate form, I conclude that it is a necessary party pursuant to Rule 19(a)(1)(B)(i).

### B.     John Rue & Associates is an Indispensable Party

Next, having found that John Rue & Associates is a necessary party, the question is whether it may be joined without depriving the Court of jurisdiction. *Epsilon Energy USA, Inc.*, 80 F.4th at 232.   The parties agree that joining John Rue & Associates would destroy diversity and deprive the Court of jurisdiction. (Thurston Opp'n Br. p. 22; Rue Mot. Br. p. 42.)   Thus the analysis proceeds to the final step: whether the case should proceed in John Rue & Associates' absence or be dismissed.   *See Epsilon Energy USA, Inc.*, 80 F.4th at 232.

Rule 19(b) directs courts to "equity and good conscience" in deciding whether a case should proceed among the existing parties or be dismissed. Fed. R. Civ. P. 19(b).   Indispensable parties pursuant to Rule 19(b) are "[p]ersons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Zambelli Fireworks Mfg. Co., Inc.*, 592 F.3d at 421 (alteration in original) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1011 (3d Cir. 1987)). Courts weigh the factors listed under Rule 19(b) to determine whether a party is indispensable.   *See id.* at 422.   I conclude that each factor favors finding John Rue & Associates to be indispensable, necessitating dismissal.

First, Rule 19(b)(1) considers "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties."   Fed.

R. Civ. P. 19(b)(1). There is substantial overlap between this factor and the Rule 19(a) analysis. *Epsilon Energy USA, Inc.*, 80 F.4th at 234. As discussed above, judgment in favor of Thurston Law Offices would require the Court to both find underlying liability against John Rue & Associates and accept Thurston Law Offices' alter ego theory all without John Rue & Associates' participation. *See Abella*, 2014 WL 220570, at *6 ("Global will be prejudiced if the Court determines, in its absence, that it is the alter ego of another company."). This judgment would further be entered without consideration of John Rue & Associates' rights and duties under the of-counsel agreement. At the same time, Rue would be tasked with defending against the amended complaint without the benefit of defenses unique to John Rue & Associates.

Second, I consider the extent to which any prejudice could be lessened or avoided by protective provisions, shaping relief, or other measures. *See* Fed. R. Civ. P. 19(b)(2). I find no means to do so. Thurston Law Offices seeks to hold Rue personally liable by piercing the corporate veil. Such relief cannot be fashioned without evaluating John Rue & Associates' liability, corporate form, and related obligations. *See Seashore Asphalt Corp. v. Pigliacelli*, Case No. 21–11920, 2022 WL 248102, at *7 (D.N.J. Jan. 27, 2022) ("So long as Plaintiffs' claims require the adjudication of Advanced's legal obligations, the Court cannot modify a judgment to avoid potential future liability for Advanced, and thus, the second factor also weighs in favor of dismissal.").

Third, I look to whether judgment rendered in John Rue & Associates' absence would be adequate. *See* Fed. R. Civ. P. 19(b)(3). Rule 19(b)(3) refers to the adequacy of judgment among the parties and nonparties and also considers the public's interest in adjudicating complete disputes. *See Epsilon Energy USA, Inc.*, 80 F.4th at 235. As intimated, I am disinclined to find John Rue & Associates liable, *see Sean Wood, L.L.C.*, 29 A.3d at 1077, and the "extraordinary circumstances" necessary for piercing the corporate veil met, *see*

12

*State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 (D.N.J. 2009), without the participation of John Rue & Associates. Thurston Law Offices would therefore need to file a separate action against John Rue & Associates in order to recover against it. *See Abella*, 2014 WL 220570, at *6 (concluding that if it found no alter ego relationship, judgment would have been inadequate because the plaintiff would have needed to file a separate suit against the absent party). If I were to instead grant Thurston Law Offices relief, Rue asserts a right to indemnification or contribution. (Rue Mot. Br. p. 36.) In other words, this case is unlikely to accord complete relief in John Rue & Associates' absence no matter the disposition reached.

Finally, I am satisfied that Thurston Law Offices would have an adequate remedy if this case was dismissed. *See* Fed. R. Civ. P. 19(b)(4). Thurston Law Offices asserts that this case is related to others filed in this District, including the aforementioned class action. (ECF No. 1–1 p. 2.) But this representation does little more than make a tenuous attempt to latch a fees dispute onto substantive special education cases. This is a dispute asserting a single state law claim and implicating non-diverse parties. The opportunity to file a substantially similar complaint in state court is a more than adequate remedy. *See Tarek Holdings, LLC v. Shockley*, Case No. 21–20581, 2022 WL 13848153, at *5 (D.N.J. Oct. 24, 2022) ("Plaintiffs have an adequate remedy because they may bring an action in state court.").

## IV.  CONCLUSION

For the foregoing reasons, the motion at ECF No. 23 will be GRANTED. An appropriate order accompanies this opinion.

/s/ Edward S. Kiel
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated:  April 30, 2026

13